439 So.2d 1158 (1983)
AGUILLARD'S ENTERPRISES INC.
v.
David SMITH, Mrs. Annette Smith, Wife of/and Dr. Arnold Smason and Sara Baskind, Wife of/and Irvin S. Smith.
No. CA 0684.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 1983.
Rehearing Denied November 22, 1983.
Writ Denied January 27, 1984.
*1159 Jane M. Gisevius, Frederick J. Gisevius, Jr., Dennis L. Rousseau, New Orleans, for plaintiff-appellee.
Steeg & O'Connor, Moise S. Steeg, Jr., Carl J. Schumacher, Robert M. Steeg, New Orleans, for defendants-appellants.
Before GARRISON, BARRY and BYRNES, JJ.
BYRNES, Judge.
This is an appeal from a judgment of the Civil District Court, Parish of Orleans, finding that plaintiff-appellee Aguillard's Enterprises Inc., had effectively exercised an option to renew its lease with defendant-appellant, David Smith et al., on certain property located on St. Charles Ave. in New Orleans. We affirm.

FACTS
On October 1, 1977 appellee, Aguillard's Enterprises Inc., through its president Lloyd Aguillard, leased from David Smith certain premises at 2025 St. Charles Ave. The lease was for a five year term ending September 30, 1982. Included in the lease was an option to renew for an additional five years which provided that; "In the event lessee wishes to exercise his option to renew this lease he must give his written notice of such intention to lessor no later than April 1, 1982."
These provisions were essentially the same as those in an earlier lease between the parties covering the same premises. This first lease was also for a five year term, commencing on October 1, 1967. When the term of this lease was up appellee, who had not at that time incorporated his business, exercised his option to renew by mailing a letter to Smith by ordinary mail on April 1, 1972. It is undisputed that this letter arrived after April 1, 1972 and that the Smiths accepted this notice as a timely exercise of the option.
On March 31, 1982 Aguillard, as president of Aguillard's Enterprises Inc., sent a certified letter, postage pre-paid, return receipt requested, to David Smith expressing his intention to exercise the option under the second lease. This letter was not delivered to the Smiths until April 5, 1983. Upon receiving the letter Smith informed Aguillard that, because the notice was not received by April 1st, Smith did not consider the notice timely and would not renew the lease.
Thereafter Aguillard filed suit in the Civil District Court seeking a declaratory judgment upholding his exercise of the option. Following discovery, motions for summary judgment were filed by both parties and the trial court entered judgment in favor of Aguillard. It is from this judgment that the Smiths appeal.

TIMELY EXERCISE OF THE OPTION
Resolution of this case revolves around the meaning of the phrase "give notice" as used by the parties. Appellants contend that in order for Aguillard to have given a timely notice they must have received that notice by April 1, 1982. On the other hand Aguillard's position is that by dispatching the notice before April 1st he had effectively exercised his option. After careful consideration of the previous dealings between the parties and an examination of both the lease itself and the applicable law we find that the trial judge was correct in concluding that the option was timely exercised.
The question of whether an acceptance of an offer requires communication of that acceptance to the offeror as a prerequisite to the formation of a contract is dealt with primarily in Civil Code Arts. 1797 *1160 through 1819. Those articles speak in terms of communication of acceptance and stand for the general rule that, in Louisiana, a contract is not perfected until the offeror receives notice of the offeree's acceptance. Offer and acceptance in Louisiana Law; a Comparative Analysis, Saul Litvinoff, 28 La.L.R. 153, 163. However, this rule is subject to exceptions and may be altered by the parties pursuant to their freedom to contract.
The question then becomes, did the parties so alter the general rule that dispatch of a notice to exercise the option under the lease was sufficient? The answer to this question must first be sought in the language of the lease itself for that agreement has the effect of law between the parties and their intent is determined by the words of that contract when they are clear and explicit. C.C. Articles 1945 and 1963 Bohm v. C.I.T. Financial Services Inc., 348 So.2d 132 (La.App. 1st Cir.1977) writ denied La., 350 So.2d 673. However, where the wording of a contract is ambiguous or susceptible of two interpretations it is the duty of the courts to interpret the contract according to the precepts set forth in C.C. Arts. 1945 to 1967.
In this case we find that the phrase "give written notice" as used in the context of the lease as a whole is at least susceptible of two meanings if not ambiguous. This conclusion is based in part on the fact that the clause of the lease dealing with the lessors' liability for damages caused by defects in the leased premises specifically provides that written notice of such defects must be received by lessor as a prerequisite to liability. However, other clauses which require written notice speak only in terms of giving notice without reference to receipt. Thus there appears to be an inherent ambiguity in the lease concerning the effective date of written notices. Certain notices are deemed effective only upon receipt while others are only required to be "given".
To clarify this ambiguity it is appropriate to look at other contracts, past and present, between the same parties concerning the same subject. C.C. Art. 1949, Finkel v. Texas Edwards Inc., 295 So.2d 903 (La.App. 2nd Cir.1974) writ denied La., 299 So.2d 798. Plantation Pipe Line Co. v. Kaiser Aluminum and Chemical Corporation, 222 So.2d 905 (La.App. 1st Cir.1969) writ denied 254 La. 761, 226 So.2d 522. Moreover, any ambiguity in a contract is to be strictly construed against the party who prepared it. C.C. Arts. 1957 and 1958 Rayford v. Louisiana Savings Association, 380 So.2d 1232 (La.App. 3rd Cir.1980) writ denied La., 384 So.2d 793.
In applying these principles to the case at hand we note that the lease in this case was drawn up by David Smith, an attorney, and son of the owner of the leased premises. He was responsible for its wording and could have drawn the lease to require receipt of written notice by his father as a prerequisite to the exercise of the option. He did not. The lease does provide that; "Any notices, demands or citations under this lease may be served personally on lessee or by mail addressed to lessee at the leased premises." Thus it appears that the Smiths sanctioned the use of the mails as a means of communication of notice between the parties.
When Aguillard exercised his option to renew his first lease in 1972 a written notice was mailed by him on April 1st and was received by Smith after that date. The Smiths raised no objections to receipt of this notice after the day specified in the lease and permitted the exercise of the option. This was the only occasion on which the parties had an opportunity to establish a rule for interpretation of this clause of their lease.
When a new lease was confected in 1977 the provisions pertinent to the option to renew were essentially unchanged. Aguillard had no reason to suspect that he could not exercise his option in the same manner in which he had done so in the past. In fact Aguillard sent his notice to renew earlier than under the previous lease and by a more reliable and well documented method (i.e. registered mail).
*1161 Moreover, as previously discussed, the Smiths had, by their wording of the lease, sanctioned the use of the mails as a means of communication between the parties. In these circumstances we feel the risk that notices so communicated would not arrive on time should be placed on them. If they wished to avoid this risk the Smiths could have protected themselves as was done in the clause relating to their liability for the defects in the premises by providing that if the notice was sent by mail it had to be received on or before a certain time. In the absence of such a provision we feel that the clause authorizing the use of the mail should be interpreted so that dispatch of a notice to exercise the option by U.S. Mail postage pre-paid, within the time provided by the lease was timely.

CONCLUSION
The terms of the lease in question were ambiguous concerning the effective date of written notices. This ambiguity was created by the lessors failure to clearly specify that he desired receipt of such notices before a certain time. The lessee, relying on his past dealings with lessor and the similarity between his earlier lease and the lease in question, dispatched written notice of his intention to exercise an option to renew within the time period allowed by the lease. Under the circumstances presented by this case we hold that such dispatch was a timely exercise of the option notwithstanding the general rule that such acceptance must be communicated to be effective.
The judgment of the trial court is affirmed. All costs of this appeal to be borne by appellant.
AFFIRMED.
BARRY, J., concurs with reasons.
BARRY, Judge, concurring.
"Give notice" only refers to the required action of one partyhere it applies to the lessee.
Hence, a person (the lessee) "notifies" or "gives" a notice to another by taking such steps as may be reasonably required to inform the other (the lessor) in ordinary course whether or not such other actually comes to know of it.
A person "receives" notice when it comes to his attention or is delivered as required.
Aguillard gave timely notice when he mailed his option one day prior to the deadline. This was sufficient to exercise the option.