457 So.2d 1207 (1984)
Percy T. THOMAS
v.
Larry D. KNIGHT.
No. 83 CA 1045.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*1208 Donald Fendlason, Bogalusa, for plaintiff.
Delos Johnson, Franklinton, for defendant.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
This is a suit by the lessor of immovable property seeking to have the lessee evicted from the property. The trial court rendered judgment terminating the lease agreement between the parties and ordering the lessee to vacate the premises. The lessee took this appeal.[1]

FACTS
On May 1, 1973, Percy Thomas leased 53.78 acres of farmland in Washington Parish, Louisiana, to Larry Knight. The written lease agreement provides for a primary *1209 term of five years, ending April 30, 1978. The lease also contains an option to renew which reads as follows:
LESSOR grants unto LESSEE the right to renew this lease at the same yearly rental of Fifteen and no/100 ($15.00) Dollars per acre when this lease period is ended.
On May 3, 1978, after the primary term of the lease had expired, Knight sought to exercise his option to renew the lease. A dispute arose concerning whether Knight had timely exercised the option. The Twenty-Second Judicial District Court in Thomas v. Knight, Docket No. 44376-D, held that Knight had timely exercised his option to renew for a five year period from May 1, 1978, to April 30, 1983. Apparently, this decision of the trial court was not appealed.
By letter dated May 11, 1981, Thomas notified Knight that the lease would be terminated on April 30, 1983, and would not be renewed. Again, by letter dated March 17, 1983, Thomas notified Knight of his intention to terminate the lease at the end of the option period. Knight attempted to renew the lease for another five year period and sent Thomas a cashier's check to pay for one year's rental. By letter dated May 4, 1983, Thomas rejected Knight's renewal offer, returned Knight's check and demanded that Knight vacate the premises within five days of receipt of his letter. When Knight refused to vacate the premises, Thomas brought this suit to have Knight evicted.

INTERPRETATION OF LEASE
The trial judge in his oral reasons for judgment stated that "[t]he Court finds that there is no language to talk about continuing this lease of five year intervals forever." Knight contends that the trial judge erred in this finding because two provisions in the lease indicate that more than one option period was contemplated by the parties. These provisions read as follows:
This lease is to run for a period of five (5) years beginning May 1, 1973, and ending April 30, 1978, with options as stipulated hereinafter.
....
LESSOR further grants unto LESSEE the exclusive right and option to purchase this 53.78 acres of land should LESSOR decide to sell same during the lease period, or any of the option lease periods following the primary term of the lease at a price of Five Hundred and no/100 ($500.00) Dollars per acre.
(Emphasis ours).
The courts are bound to give legal effect to all written contracts according to the true intent of the parties, and this intent is to be determined by the words of the contract when these are clear, explicit and lead to no absurd consequences. La. C.C. arts. 1901 and 1945; Campesi v. Margaret Plantation, 417 So.2d 1265 (La.App. 1st Cir.1982), writ denied, 422 So.2d 163 (La.1982). This rule is applicable to contracts of lease. Brignac v. Boisdore, 272 So.2d 463 (La.App. 4th Cir.1973), aff'd, 288 So.2d 31 (La.1973); Dikert v. Ruiz, 231 So.2d 633 (La.App. 4th Cir.1970). The meaning and intent of the parties to the written contract in such cases must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. art. 2276; Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir.1982), writ denied, 422 So.2d 423 (La.1982). However, when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, or fraud is alleged, parol evidence is admissible to clarify the ambiguity or show the intention of the parties or prove the fraud. La.C.C. arts. 1847 et seq.; Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981).
The lease provision granting the option to renew the lease appears to give only one such option. It grants "the right to renew ... when this lease period is ended." The lease period referred to is the primary *1210 term which ended on April 30, 1978. However, other provisions of the lease refer to "options" and "option lease periods", indicating more than one option period. The contradictory lease provisions are susceptible to more than one interpretation, and the intent of the parties cannot be determined from the language used in the lease. The district court correctly received parol evidence to resolve the dispute.
At the hearing on the rule to show cause, Knight was called under cross-examination by plaintiff and testified that the lease does not state the number of options available, but "it only lists that the option periods as per annum, meaning more than one." The option period did not give a termination date, and Knight's attorney, Delos Johnson, prepared the lease agreement. Knight's initial intent was to purchase the property; Thomas refused to sell, but agreed to lease the property to him. Thomas also agreed that, if he decided to sell, Knight would have the right of first refusal to purchase the property. Knight also testified that the property was critical to his dairy farm, and as long as he was in the dairy business and Thomas owned the property, he felt he had a legal right to renew the lease.
Thomas testified he "agreed to lease him the land for five years. But as far as that, that was it. There wasn't anything else said about any longer than that, not at that time. I didn't want my land tied up forever."
The ruling of the district court judge indicates he accepted the testimony of Thomas which proved as a fact that the parties did not intend the lease to have unlimited renewal options. This factual finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, this factual finding does not resolve the issue of how many renewal options were contemplated.
Although the lease provisions relied on by Knight indicate that more than one option to renew is contemplated, these provisions do not state precisely how many. The lease provisions are ambiguous on that question, and the parol evidence is not determinative. The evidence shows that Knight's attorney prepared the lease agreement. If the intent of the parties cannot be ascertained from the terms of a written contract or the parol evidence about that intent, ambiguous contract provisions will be construed against the party preparing the contract. La.C.C. arts. 1957 and 1958; Aguillard's Enterprises, Inc. v. Smith, 439 So.2d 1158 (La.App. 4th Cir.1983), writ denied, 444 So.2d 1224 (La.1984); Ericksen, Krentel and Barre v. Pizzolato Ford-Lincoln-Mercury, Inc., 432 So.2d 386 (La. App. 1st Cir.1983). Applying this rule of construction, we find that the lease provides one option of renewal. The lease expired by its own terms when the option period ended, and Thomas was entitled to have Knight evicted at that time.

DECREE
For the foregoing reasons, the judgment of the district court is correct and is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] La.C.C.P. art. 4735. The appeal was not timely taken as a suspensive appeal but was maintained as a devolutive appeal. Thomas v. Knight, 442 So.2d 750 (La.App. 1st Cir.1983).