SAVOIE, Judge.
Defendant, Ned Harris, appeals the trial court’s recision of the sale of certain immovable property.[1]
In January, 1983, plaintiff, Azelia Minor Dangerfield, became ill, requiring that she be hospitalized. While hospitalized, her son, defendant, and his wife traveled from their home in California to care for his mother. Defendant remained with his mother until she was released from the hospital on or about April 1, 1983. Upon her release, it was decided between the parties that plaintiff could not continue to reside alone and take care of herself. None of plaintiff’s nearby relatives offered to aid in plaintiff’s care or take her into their homes. Faced with this situation, plaintiff agreed to move to California and live with her son in return for turning over to her son her total savings, approximately $8,800.00, and signing over her Social Security checks to him for her monthly living expenses. Additionally, plaintiff sold her home and lot to defendant for the sum of $500.00. In November, 1983, after visiting another California relative, plaintiff decided to return to Louisiana and move in with her sister. Upon her return, plaintiff filed suit to rescind the cash sale and to have her. cash funds returned to her.
The trial court found that with respect to certain Social Security payments made from April through mid-November, there was an agreement between the parties that those funds would be used for plaintiff’s living expenses. With respect to any payment made after plaintiff returned to Louisiana, the trial court found defendant liable to plaintiff for same. Such amount totaled to $750.00. The court further found that defendant had required plaintiff to turn over certain immovable property and her life’s savings in return for his care of her for the rest of her life. With respect to the monies, the court found plaintiff entitled to the return of same. It next noted that defendant paid $500.00 for almost a fourth of an acre of land plus a two bedroom house. Finding the act of sale merely a donation disguised as a cash sale, the court rescinded same. It also opined that even if said cash sale was considered valid, it would still be subject to lesion beyond moiety.
Defendant appeals without assigning any actual assignment of error. Rather he contends in argument that the *840 trial court erred in allowing plaintiff to introduce parol evidence to dispute an authentic act of sale. Based thereon, he asks this court to uphold the act of sale.
It is well settled in Louisiana that parol evidence is inadmissible where the words of a contract are clear and explicit. LSA-C.C. art. 2046. An exception to this general rule of inadmissibility of parol evidence is permitted where the petition contains allegations of fraud. Mitchell v. Clark, 448 So.2d 681 (La.1984); and, Thomas v. Knight, 457 So.2d 1207 (La.App. 1st Cir.1984). Where one pleads fraud or mistake, the circumstances constituting such fraud or mistake must be alleged with particularity. LSA-C.C.P. art. 856.
Herein, the trial court failed to find plaintiffs alleged circumstances with particularity sufficient to find fraud. Rather, it found that the sale was a donation disguised as a sale. This is not one of the narrowly defined exceptions to the admissibility rule of parol evidence. Accordingly, we find the trial court erred in permitting parol evidence to be adduced. We also note that the trial court found the act of sale should be annulled for lesion beyond moiety. However, the record is devoid of evidence sufficient to support such claim.
An appellate court can remand an action for proper consideration, when the record is so incomplete that the court is unable to pronounce definitely on presented issues or where parties have failed, for whatever reason, to produce available evidence material to a proper decision. Crews v. Crews, 432 So.2d 377 (La.App. 1st Cir.1983).
For the above and foregoing reasons, judgment of the trial court is hereby reversed. Further, we feel that in the interest of justice, we must remand this case for further consideration of the issue of whether the act of sale should be annulled for lesion beyond moiety. Costs of this appeal are to be borne by plaintiff, Azelia Minor Dangerfield.
REVERSED AND REMANDED.

. Herein, the trial court rescinded the sale of certain immovable property and rendered judgment against the defendant in the sum of $9,500.00. Defendant has not appealed the monetary award. As such, it is a final judgment.