LABORDE, Judge.
This is an appeal by the defendant, Louisiana Department of Revenue and Taxation, from a judgment of the district court reversing a decision of the Board of Tax Appeals (Tax Board). As the record on appeal contains insufficient information for this court to make an informed and intelligent decision on the issue of whether the plaintiff, Gulf Air Transport, Inc., timely filed its petition for review, we remand this case to the trial court for further proceedings.
On October 9, 1985, the defendant issued a general sales tax assessment, amounting to $356,491.16, against the plaintiff. The $356,491.16 figure included $197,063.62 in past-due taxes, $113,554.26 in interest and $45,873.28 as a delinquent penalty. On November 13, 1985, the plaintiff filed a petition with the Tax Board, seeking a redeter-mination of the assessment. A hearing before the Tax Board was held on May 22, 1986. The Tax Board found in favor of the defendant for $312,957.56. The judgment of the Tax Board was signed by the Chairman on September 2, 1986. Shortly thereafter, on September 9, 1986, the plaintiff filed a motion for a rehearing. The motion for a rehearing was denied by the Tax Board.
On February 6, 1987, the plaintiff filed a petition for review of the Tax Board’s judgment in the Sixteenth Judicial District Court for the Parish of Iberia, State of Louisiana. In response to the plaintiffs petition, the defendant filed a motion to dismiss on the grounds that the petition for review was untimely filed. A hearing was held on- the petition for review and the motion to dismiss on September 18, 1987. In a minute entry, the trial judge granted the motion to dismiss and continued the petition for review to October 15, 1987. At the hearing, the trial judge stated that he would take the matter of the petition for review under advisement and that the minute entry of September 18, 1987, would be amended to reflect that the motion to dismiss was denied. On December 11, 1987, the trial judge reversed the Tax Board judgment as to the amount of taxes owed by the plaintiff. The trial judge further ordered the defendant to recompute said taxes.
In addition to the petition for review, the plaintiff filed a writ of mandamus against the Iberia Parish Clerk of Court, requesting the Clerk to release tax liens which were filed by the defendant in the mortgage and chattel mortgage records. On February 26, 1988, the trial judge entered an order that the Clerk cancel and erase the appropriate tax liens.
The defendant contends on appeal that the trial judge improperly denied its motion to dismiss. It argues that the district court lacked jurisdiction to review the decision of the Tax Board because the suit was untimely filed. Accordingly, the defendant would have this court reinstate the decision of the Tax Board.
When a taxpayer is aggrieved by an assessment made by the Department of Revenue, he may appeal to the Tax Board for a redetermination of the assessment. LSA-R.S. 47:1431. The district courts have exclusive jurisdiction to review the judg- *1093 merits of the Tax Board. LSA-R.S. 47:1435. LSA-R.S. 47:1434 sets out the procedure for judicial review of Tax Board decisions. It provides, in pertinent part, that:
“After a decision or judgment of the board, the collector or the taxpayer may, within thirty calendar days after such decision or judgment has been rendered and signed, file a petition with the district court in accordance with the provisions hereinafter set out, for review of the said decision or judgment of the board. The party filing such petition shall before the filing of same, either at open hearing or by motion, notify the board of his intention to file such petition for review.
Thereafter, and within the thirty calendar days from the date of the rendering and signing of such decision or judgment of the board, the taxpayer may file his petition for review with the proper district court, setting forth specifically any errors which may have been committed by the board in reaching its decision or judgment.”
Furthermore, LSA-R.S. 47:1438 dictates that the decision of the Tax Board becomes final “[ujpon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time....”
Pursuant to the statutory procedure delineated above, the plaintiff had 30 days from the signing of the judgment of the Tax Board (September 2, 1986) to file a petition for review with the district court. Even though LSA-R.S. 47:1434 does not provide the time delay when a rehearing of the judgment of the Tax Board is requested, we determine that the 30 day period logically should run from the date of the denial of the rehearing. See e.g., LSA-R.S. 49:964. Thus, the plaintiff in the instant case had 30 days from the denial of the rehearing to file its petition for review with the district court.
We find that the record on appeal is completely devoid of any evidence which would establish when the 30 day period commenced to run in this case. The defendant alleges that the Tax Board denied the rehearing on September 18, 1987; however, there is no evidence in the record to substantiate this claim. The order denying the rehearing is signed by the chairman of the Tax Board, but it is not dated. There are no other documents in the record which would establish this date. Furthermore, the plaintiff alleges that it did not receive notice of the denial of the rehearing until January 12, 1987. In its petition for review, the plaintiff incorporates by reference an attached affidavit, which presumably demonstrates that the plaintiff did not receive notice until that date. We say presumably because the record on appeal did not contain a copy of this affidavit. Without such information, this court is unable to properly review the issue of whether the plaintiffs petition for review was timely filed.
Under LSA-C.C.P. art. 2164, an appellate court is vested with broad discretion to remand a case when the interests of justice so dictate. Winn State Bank & Trust Co. v. Browning, 453 So.2d 286 (La.App. 2d Cir.1984). It is well-established in Louisiana jurisprudence that an appellate court can remand an action for proper consideration when the record is so incomplete that the court is unable to pronounce definitively on presented issues or where the parties have failed for whatever reasons to produce available evidence material to a proper decision. Dangerfield v. Harris, 484 So.2d 838 (La.App. 1st Cir.1986); Cheramie v. Bone, 444 So.2d 200 (La.App. 1st Cir.1983); Bodin v. Bodin, 392 So.2d 759 (La.App. 3d Cir.1980). We determine that, in the interests of justice, this case should be remanded to the district court with instructions to reopen the record for evidence concerning the date upon which the Tax Board denied the rehearing and the date upon which the plaintiff first received notice of the denial.
In view of our decision, we preter-mit discussion of all other issues raised in the case at bar except for the defendant’s fourth specification of error. By its fourth specification of error, the defendant contends that the Iberia Parish Clerk of Court *1094 wrongly required it to furnish two legible copies of all pleadings, depositions and other papers for inclusion in the record. Rule 2-1.16 of the Uniform Rules of the Courts of Appeals states:
“It is the responsibility of the clerk of the trial court from which a case is appealed, or to which writs are directed, to prepare the record for a Court of Appeal. To assist in its preparation, the clerk of the trial court may require of its court reporter a legible copy of the transcript of testimony, and of the appellant (or party seeking review by this court) legible copies of all pleadings, depositions, and other papers to be included in the record.”
The defendant would have this court read the rule as to require a party seeking review to furnish copies of the documents in the record only when the copies contained in the record are illegible. We determine that the clear and unambiguous language of the rule does not support such a narrow interpretation. Therefore, we rule that the Iberia Clerk of Court properly required the defendant to make copies of the documents contained in the record.
Accordingly, this matter is remanded for a new hearing on the issue of whether the plaintiff’s petition for review was timely filed or for other correction of the incomplete record, within the discretion of the trial court. If the record is completed without a new hearing, the original and supplemental records are to be transmitted immediately to this court for submission and decision. Costs of this appeal will be assessed upon final disposition of this matter.
REMANDED.