213 So.2d 96 (1968)
T. G. SOLOMON et al.,
v.
T. E. HICKMAN, Sr.
No. 7488.
Court of Appeal of Louisiana, First Circuit.
July 1, 1968.
John R. Sheppard, Lawrence A. Uter, Baton Rouge, for defendant-appellant and respondent.
Breazeale, Sachse & Wilson, Baton Rouge, for plaintiffs-appellees-movers.
Before LOTTINGER, SARTAIN, and ELLIS, JJ.
ELLIS, Judge.
This case is before us on a motion to dismiss the suspensive appeal taken by defendant from a judgment of eviction.
*97 Defendant, who operates a bar and lounge in the Bon Marche Shopping Center in Baton Rouge, was found guilty of selling liquor to minors by the Family Court of East Baton Rouge Parish, which constituted a violation of the terms of his lease. This eviction proceeding followed.
To the petition, defendant filed an "Exception of no right or cause of Action" which is in effect an exception of prematurity, based on the alleged failure of the plaintiffs to submit the question of the eviction to arbitration, as provided by the lease.
Article 10 of the answer reads as follows:
"Defendant specifically and affirmatively pleads and raises as his defense in this matter that in accordance with the clear provisions of the lease existing between them the institution of this suit was and is premature and that in actual fact petitioners must have presented this entire issue to the Merchants Association before they have either a right or a cause of action and therefore this suit should be dismissed."
Article 4735 of the Code of Civil Procedure reads in part as follows:
"An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises * * *."
The motion to dismiss is based on the proposition that the defense urged in Article 10 of the answer is not an affirmative defense within the meaning of Article 4735.
"Arbitration and award" is specifically named as an affirmative defense in Article 1005 of the Code of Civil Procedure.
We cannot, on a motion to dismiss the appeal, consider the merits of the case, but must determine if the defense that arbitration is provided for under the lease is an affirmative defense.
An affirmative defense is one which, if valid, will have the effect of defeating plaintiff's demand on its merits. See Williams v. Fisher, 79 So.2d 127 (La. App. 1 Cir. 1955). The defense raised in this case is dilatory only, procedural in nature, and not such as to result in the defeat of plaintiff's claim, if valid. Article 1005, supra, provided that the defense of "arbitration and award" is an affirmative defense. This implies that an arbitration proceeding has in fact been completed and an award made thereunder which would have the effect of concluding the case on the merits. The article does not say that the existence of an arbitration provision alone is an affirmative defense.
We find, therefore, that the appeal taken in this case has no effect as a suspensive appeal, and as such it is dismissed. However, it remains valid as a devolutive appeal. Succession of Sagona, 134 So.2d 671 (La.App. 4 Cir. 1961).
Plaintiffs further point out that the return date, March 11, 1968, passed without defendant having paid the costs of the appeal, as provided by Articles 2125 et seq. of the Code of Civil Procedure. The record shows that the only demand for payment thereof was made over the phone to defendant's attorney's secretary, and that no bill for same was ever sent. Therefore, the failure to pay same is not imputable to defendant appellant, and the appeal will not be dismissed on that ground. See Mathies v. Fruehauf Trailer Co., 170 So.2d 785 (La. App. 1 Cir. 1964).
Suspensive appeal dismissed; devolutive appeal maintained.