GULOTTA, Judge.
This matter is before us on a motion to dismiss. The basis of the motion is that the costs for the preparation of the transcript were not timely paid to the clerk of the trial court before the extended return day, i. e., November 20, 1975.[1] Appellant, in answer to the motion, claims the clerk of the trial court failed to notify him of the total costs due prior to the extended return day. Under such circumstances, appellant, relying on Gremillion v. Rinaudo, 240 So.2d 237 (La.App. 1st Cir. 1970), and LSA-C.C.P. art. 2126, contends that his failure to pay the full amount of the costs within the extended return date fixed by the trial court was not imputable to him. Finding no •merit to appellant’s contention, we dismiss the appeal.
LSA-C.C.P. art. 2126 states:
Art. 2126. Payment of costs
“The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all cpsts of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
In the instant case, it is clear that appellant did not pay the full amount of the costs before the extended return date fixed by the trial court. We note that the express language of LSA-C.C.P. art. 2126 does not indicate that the clerk of the trial court need notify appellant of the costs owed by him. Furthermore, as stated in Tropicana Hotel and Country Club v. Dantoni, 287 So.2d 817 (La.App. 1st Cir. 1974):
“ * * * The clerk is not required by law to notify the appellant of these costs as a condition precedent to the imputation of fault on appellant’s part. This is true because the legislature [sic] intent as expressed in Code of Civil Procedure Articles 2126, 2127, 2161 and R.S. 13:4445 (A) places the responsibility for appellate costs with the appellant. * * * ”
Under art. 2161, a motion to dismiss an appeal will be granted only if the irregularity, error or defect is imputable to the appellant. Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So. 2d 278 (1970). It is the duty of the appellant to keep informed of the amount of the fees and costs he must pay.[2] Failure to *235 timely pay the required charges is a deficiency attributable to the appellant and results in the dismissal of the appeal. Gay v. Winn Dixie Louisiana, Inc., 276 So.2d 900 (La.App. 1st Cir. 1973); Louisiana Power & Light Company v. Lasseigne, supra; Imhoff v. Imhoff, 311 So.2d 45 (La. App. 4th Cir. 1975), writ refused, 313 So.2d 831 (La.1975).
Accordingly, the appeal is dismissed.
APPEAL DISMISSED.

. The motion to dismiss this appeal erroneously refers to January 9, 1976 as the extended return date. However, the record reflects that although an additional delay of 60 days from November 10, 1975 was requested, the trial judge granted an extension of 10 days from November 10, 1975.

. Gremillion supra, cited by appellant, seems to indicate that the appellant is deemed to be without fault in failing to pay costs until such time as he is notified of the amount thereof by the clerk of the trial court. However, in arriving at this conclusion, the Gremillion court relied on Thompson v. War- *235 mock, 229 So.2d 352 (La.App.3d Cir. 1969). The Thompson, case was decided prior to our Louisiana Supreme Court’s decision in Lasseigne, supra, the later Supreme Court case which indicated that it is incumbent upon the appellant to keep informed of the amount he must pay as costs of appeal.