MORIAL, Judge.
This suit was filed by plaintiff against A M & A, Inc., and American Bank on Monday, December 30, 1974. Plaintiff alleged that he furnished labor in the amount of $650.00 to complete the plumbing work on a dwelling defendant A M & A, Inc., caused to be constructed on its property described in the petition; plaintiff also alleged that he was not paid for his labor and caused a lien to be recorded on December 28, 1973 in the mortgage records of the Parish of St. Charles in MOB 182, folio 544 and that subsequent to the recordation of the lien American Bank acquired the property. Plaintiff’s prayer for relief stated in pertinent part as follows:
“ * * * that there be judgment herein against defendants, A M & A, Inc. and the American Bank and in favor of your petitioner Nunzio Distefano, d/b/a Diste-fano Plumbing and Heating in the full and true sum of Six Hundred Fifty and No/100 ($650.00) Dollars, together with legal interestt [sic] from date of demand, until paid and for all costs of these proceedings.”
Defendant, American Bank, filed an exception of no cause of action based upon its purchase of the property described in plaintiff’s petition at a Sheriff’s Sale which can-celled all liens, mortgages or privileges which may have encumbered the property, and that it, as a subsequent owner, is not personally liable for the debt. Without written reasons the district court maintained defendant’s exception and dismissed plaintiff’s suit as to American Bank. Plaintiff appeals. We affirm.
Since no contract or bond was recorded in conjunction with the agreement between plaintiff and defendant, A M & A, Inc., this case falls within the ambit of LSA-R.S. 9:4812. The mentioned statute grants any person performing labor on a building a lien and privilege on the lands and improvements for the value of the labor performed in connection with the building or improvements. LSA-R.S. 9:4812 also in part pertinently provides:
“The said claim, recorded as aforesaid, shall preserve a privilege against the property for a period of one year from the date of its recordation and may be enforced by a civil action in any court of competent jurisdiction in the parish in which the land is situated and- such cause of action shall prescribe within one year from the date of the recordation of the claim in the mortgage records of the office of the clerk of court or the office of the recorder of mortgages. The effect of the recordation of the claim shall cease and the privilege preserved by the recor-dation shall preempt unless a notice of filing of a suit (giving the name of the court, the title and number of the proceedings, and date of filing, a description of the property and a reference to the recorded claim), on said claim is recorded within one year from the date of the recordation of the inscription of said claim.
* * * * * *
“Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or subcontractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one-year from the aforesaid recordation of his claim, which cause of action shall prescribe one year after the date of said recordation. This shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent.
* * if * ‡ *
“The claim for wages of a laborer for work done by him on any building, shall, when properly presented and recorded by him in accordance with the provisions of his Sub-part, preserve in his favor a privilege on the land and improvements which will prime the right of mortgagees or vendors.” (emphasis supplied)
At the outset we are confronted with the issue of whether plaintiff’s suit *757 was timely filed. Saturday, December 28, 1974 a legal holiday, was the last day of the prescriptive period and is not to be included in computing a period of legally prescribed time. Accordingly, the prescriptive period ran until the end of the next succeeding legal day, Monday, December 30, 1974. Therefore, plaintiff’s suit was timely filed. See LSA-C.C.P. Article 5059.
In his suit plaintiff prays simply for a personal judgment against both defendants and does not ask for the recognition and enforcement of his lien and privilege which he alleged attached to the property. While the statute clearly provides for a personal cause of action against the original owner-defendant, A M & A, Inc., for whom the labor was performed, it does not create a personal cause of action against the present owner-defendant, American Bank, even though the property passed into the hands of American Bank within a year after recordation of the claim against it. See Lafayette Woodworks v. Boudreaux, 255 So.2d 176, 179 (La.App. 1 Cir. 1971) and 44 Tu.L.R. 326, 340.
For the foregoing reasons the judgment of the district court is affirmed.

AFFIRMED.