372 So.2d 1057 (1978)
Irwin CROWE et al.
v.
Dr. Richard R. HOWARD et al.
No. 12522.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
Garic K. Barranger, Covington, Wendell E. Tanner, Slidell, for appellants.
W. K. Christovich, Steven R. Plotkin, New Orleans, for appellees.
Before LANDRY, COVINGTON and PONDER, JJ.

*1058 ON MOTION TO DISMISS
LANDRY, Judge.
On motion of defendants (Appellees) we ruled plaintiffs (Appellants) to show cause why this appeal should not be dismissed for Appellants' failure to pay certain court costs taxed against Appellants and billed to Appellants both before and after Appellants were granted an appeal in forma pauperis. We recall the rule and deny the motion to dismiss upon finding that Appellants are not required to pay any costs whatsoever as a condition precedent to prosecute an appeal in forma pauperis.
Appellants did not initially sue in forma pauperis, but, after trial, were granted an appeal as indigents. The issue thus posed is whether a litigant who did not initially invoke indigent privileges is required to pay costs which accrued prior to his having been granted an appeal in forma pauperis, in order to perfect his appeal as an indigent.
Following a unanimous jury verdict returned July 1, 1977, judgment was rendered herein in favor of Appellees on July 7, 1977, dismissing Appellants' claims with prejudice, at Appellants' cost. Correspondence of records shows that on July 11, 1977, the clerk of the trial court billed Appellants for accrued costs aggregating $2,206.59. On September 6, 1977, Appellants were granted a devolutive appeal returnable to this court on November 6, 1977. Simultaneously, Appellants obtained an order allowing their appeal in forma pauperis pursuant to LSA-C.C.P. Article 5181, et seq.
On October 13, 1977, Appellees moved for a remand of this matter to the trial court to permit a traverse of Appellants' asserted right to proceed as indigents. We granted the order of remand on October 26, 1977.
Appellees' motion to traverse was heard by the trial court on May 8, 1978. In the interval between our remand and the hearing of Appellee's motion to traverse, five extensions of the return date were granted upon request of the clerk of the trial court. The last extended return date was May 26, 1978. The record has not yet been lodged in this court.
On May 8, 1978, after hearing Appellees' motion to traverse the trial court denied the motion and reaffirmed Appellants' right to appeal in forma pauperis, but conditioned the right of appeal upon Appellants' payment of all accrued costs. On May 9, 1978, a second itemized statement of costs was mailed to Appellants' counsel; it showed a balance of $1,865.34, exclusive of stenographer's fees estimated at $4,125.00. Payment was requested within fifteen days. On October 18, 1978, a third statement was mailed to Appellants' counsel requesting payment of $5,990.34 which included estimated stenographer's fees.
Appellees' motion to dismiss was filed in this court on November 1, 1978. It is based on the premise that the failure to lodge the record in this court by the last extended return date was due to Appellants' fault in failing to pay the court costs for which Appellants had been billed.
LSA-C.C.P. Article 2161 provides that an appeal shall not be dismissed for an error, irregularity or defect unless the error, irregularity or defect is imputable to appellant. The article lists certain exceptions which are not germane to the matter at hand.
The clerk of a trial court is not required to lodge the record on appeal until appellant has paid all costs for which appellant has been cast. Bensel v. Goitia, 329 So.2d 233 (La.App. 4th Cir. 1976); Landry v. Landry, 230 So.2d 317 (La.App. 4th Cir. 1978).
Failure to timely lodge an appeal because of appellant's failure to timely pay all costs and fees due in connection with the appeal is a fault imputable to appellant. Landry v. Landry, supra.
It is appellant's duty to ascertain and timely pay all costs and fees due in connection with this appeal. Bensel v. Goitia, supra.
From the foregoing, it follows that if Appellants are required to pay costs which accrued prior to their obtaining leave to appeal in forma pauperis, this appeal must *1059 be dismissed because the record is clear beyond doubt that the failure of the clerk of court to timely lodge the record in his court was due to Appellants' failure to pay the statement of costs rendered. We find no merit whatsoever in Appellants' contention that the costs were not paid because Appellants were not able to obtain a statement of costs, and, alternatively, that the amount of costs was in dispute. If Appellants are required to pay costs, it was their duty to pay at least the undisputed amount of the statements rendered.
Our research fails to disclose precedent for the issue presented. The purpose of our indigent statute is to insure that no person shall be deprived of the opportunity to have his claim fully adjudicated in a court of law because his indigency prevents him from satisfying cost and bond requirements of litigating and appealing his cause of action. Hollier v. Broussard, 220 So.2d 175 (La.App. 3d Cir. 1969).
It is well settled that a litigant may request indigent status at any stage of litigation, even after judgment on the merits against him. Brumfield v. Community Mobile Homes, Inc., 315 So.2d 901 (La.App. 1st Cir. 1975); Malveaux v. Buller, 131 So.2d 571 (La.App. 3d Cir. 1961).
LSA-C.C.P. Article 5185 pertinently provides, in part:
"When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;
(2) The right to the compulsory attendance of witnesses for the purpose of testifying, either in court or by deposition, without the payment of the fees, mileage, and other expenses allowed these witnesses by law;
(3) The right to a trial by jury and to the services of jurors, when allowed by law and applied for timely; and
(4) The right to a devolutive appeal, and to apply for supervisory writs. ..."
Also applicable herein is the rule that the codal provisions authorizing indigents to sue in forma pauperis are remedial in nature and must therefore be liberally construed in favor of affording a litigant his full day in court. T & S Feed Co., Inc. v. Meaux, 339 So.2d 421 (La.App. 1st Cir. 1976); Brumfield v. Community Mobile Homes, Inc., supra; Hollier v. Broussard, supra. In Hollier v. Broussard, above, it was noted:
"[t]he fundamental legislative purpose is to assure that no person is deprived of the opportunity to have his claim adjudicated because his unfortunate financial circumstances prevent him from satisfying the bond and cost requirements of litigation. Gilmore v. Rachl, 202 La. 652, 12 So.2d 669; Crawford v. Government Employers' Insurance Co., La.App. 3d Cir., 219 So.2d 241 (Rendered February 14, 1959); Dilley v. Phillips Petroleum Co., La.App. 1st Cir., 24 So.2d 209."
The purpose of LSA-C.C.P. Article 5181, and the rules of interpretation applicable thereto, dictate that it must be construed to mean that the legislature did not intend to require payment of costs accruing prior to an indigent appeal as a condition precedent to such an appeal, in the case of a litigant who did not initially sue in forma pauperis. Any other interpretation of the applicable statute would make an indigent appeal an empty, meaningless remedy. We judicially note that the cost of appeal in the form of filing fees for lodging the appeal in this court are insignificant in comparison to the costs which accrued herein prior to Appellants' appeal. We think it would be a travesty on justice to exempt Appellant from insignificant appellate costs *1060 because of inability to pay such a minimal sum, and by the same token deny his right of appeal by requiring his payment of a vastly greater sum in the form of prior accrued costs. In our judgment such an anomaly is not contemplated by LSA-C. C.P. Article 5181.
We believe our conclusion is supported by the well established rule that appeals are favored in law and should not be dismissed unless our statutory and jurisprudential rules clearly so require. Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (La.1973); Smith v. Board of Commissioners of Port of New Orleans, 262 La. 96, 262 So.2d 383 (1972).
Since Appellants are not required to pay any costs as a condition precedent to appeal herein, Appellants were not at fault in failing to pay the statements rendered. It follows that the failure to timely lodge the transcript in this court was not a defect, error or irregularity imputable to Appellants, and that the motion to dismiss must be denied.
We point out that Appellants, as indigents, are not relieved of all liability for costs. It is well settled that an indigent may be cast for costs in the event he is unsuccessful in prosecuting his demand. LSA-C.C.P. Article 5188.
The rule to show cause issued herein is recalled and set aside and Appellees' motion to dismiss this appeal is denied.
Motion denied.