BOUTALL, Judge.
Dominic Alaimo, appellee in this action, brought a suit to evict Elizabeth Hepinstall from the premises which she was occupying as lessee. An answer was not timely filed and judgment was rendered in favor of Alaimo by default. The answer was filed the next day and alleged that defendant had received no notice to vacate the premises, nor of the hearing. Defendant then took a suspensive appeal from the default judgment. We note this court’s jurisdiction over this case citing Herman Investments, Inc. v. Lighthouse Club, Inc., 367 So.2d 901 (La.App. 4th Cir. 1979).
Appellee has filed a motion to dismiss the appeal on two grounds: First, that the record was insufficient to resolve the issues presented by the appeal through the fault of appellant; and second, that the appeal was improperly granted in that an affirmative defense must be raised in order to suspend execution of an eviction judgment under Code of Civil Procedure Article 4735.
*1321 On the first issue, appellee points out that the appellate record contains no transcript of testimony nor a narrative of facts. He urges dismissal under the principles of Ernest Joubert Company v. Tatum, 332 So.2d 553 (La.App. 4th Cir. 1976). However, it should be noted that that case was not on motion to dismiss but a judgment on the merits of the appeal.
In this appeal we are not yet made aware of all of the issues on the appeal itself. The sufficiency of the record to support appellant’s contention in this case (especially considering that it has been transferred from the Civil District Court for the Parish of Orleans where it was scheduled for a trial de novo) is a matter to be considered on the merits of the appeal as in Joubert, not on the motion to dismiss.
The second contention raised by the motion deals with the right to appeal and with this court’s jurisdiction. An appeal can be dismissed at any time for lack of right to appeal or of jurisdiction of the appellate court. Code of Civil Procedure Article 2162. We find that a suspensive appeal does not lie in this case since no affirmative defense entitling the appellant to retain possession of the premises was timely pleaded. C.C.P. Article 4735. The appeal will, however, be entertained as a devolutive appeal. Krieg v. Sciortino, 341 So.2d 575 (La.App. 4th Cir. 1977); Murphy Oil Corp. v. Gonzales, 316 So.2d 175 (La. App. 4th Cir. 1975).

APPEAL DISMISSED AS SUSPEN-SIVE, BUT MAINTAINED AS DEVOLU-TIVE.