WATKINS, Judge.
Before us at this time is a rule to show cause why a suspensive appeal should not be dismissed in an eviction proceeding.
On June 5,1981, plaintiff, Lester F. Free-min, filed an eviction rule against defendant, John A. Coglaiti. Hearing on the rule was set for June 12,1981. Defendant never filed an answer to the rule to show cause. On July 10, 1981, after several continuances, a hearing on the rule was held, at the conclusion of which the trial court ordered the eviction of defendant. Also on July 10, 1981, defendant filed a motion for a new trial, and hearing was fixed for July 24, 1981. On July 15, 1981, judgment was signed in accordance with the trial court’s ruling. On July 22, 1981, defendant, after receiving notice of judgment, resubmitted his motion for a new trial. On August 7, 1981, hearing on the motion for a new trial was held, and the matter was taken under advisement. On September 3,1981, the trial court signed judgment denying a new trial. On October 12, 1981, defendant obtained an order for a suspensive appeal, the appeal bond having been set at $5,000.00. On October 16, 1981, defendant filed a suspensive appeal bond.
LSA-C.C.P. art. 4735 sets forth the requirements for a suspensive appeal in an eviction proceeding:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.”
The requirements of this article must have been literally complied with in order for a suspensive appeal to stand. Papa v. Sullivan, 268 So.2d 326 (La.App.2d Cir. 1972). In the present case, defendant failed to meet those requirements. He never answered plaintiff’s rule, and failed to apply for the suspensive appeal or post bond within twenty-four hours of the judgment of eviction. Thus, the appeal cannot be maintained as suspensive.
Although an appeal for an eviction judgment cannot be maintained as suspen-sive, the appeal may be maintained as a devolutive appeal if the requirements of the general law for a devolutive appeal are met. Solomon v. Hickman, 213 So.2d 96 (La.App. 1st Cir. 1968), affirmed 219 So.2d 330 (1969); Alaimo v. Hepinstall, 370 So.2d 1320 (La.App. 4th Cir. 1979); Rourke v. Cloud, 398 So.2d 57 (La.App. 3d Cir. 1981).
LSA-C.C.P.art. 2087 sets forth the requirements for a devolutive appeal.
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.”
As the appeal was taken within 60 days of the denial of a new trial, the new trial having been denied September 3, 1981, and the appeal order having been signed Octo *473 ber 12, 1981, it is apparent that defendant-appellant perfected a timely devolutive appeal.
Accordingly, the appeal of John A. Cogla-iti in the present matter is dismissed as suspensive and maintained as a devolutive appeal.
APPEAL DISMISSED AS SUSPEN-SIVE; MAINTAINED AS DEVOLUTIVE.