CARTER, Judge:
This Court, ex proprio motu, issued a rule to show cause why this suspensive appeal from a judgment of eviction should not be dismissed as untimely filed.
On May 16, 1983, plaintiff, Percy T. Thomas, filed an eviction proceeding against defendant, Larry D. Knight. Defendant did not file an answer to this rule to show cause, but at the hearing held on June 27, 1983, sought to establish an affirmative defense to the eviction proceed *751 ing. At the conclusion of the hearing, judgment was rendered ordering the eviction of the defendant, and a judgment of eviction was signed by the trial court on June 29, 1983. It was not until July 7, 1983, that defendant obtained an order for suspensive appeal and posted bond thereon on July 8, 1983.
LSA-C.C.P. art. 4735 provides as follows:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.” (Emphasis added)
It is clear that the applicable time period for taking a suspensive appeal is within twenty-four hours after the rendition of judgment. In the instant case, plaintiffs suspensive appeal was not timely perfected since it was not filed within twenty-four hours of the rendition of the judgment. Therefore, this appeal cannot be maintained as suspensive. LSA-C.C.P. art. 4735. Freemin v. Coglaiti, 411 So.2d 471 (La.App. 1st Cir.1981).
Although an appeal must be dismissed as suspensive, it can be maintained as- devolutive, if taken within the sixty day delay for devolutive appeals provided in LSA-C.C.P. art. 2087. Estate of Boudreaux v. Verdin, 425 So.2d 873 (La.App. 1st Cir.1982); Freemin v. Coglaiti, supra. In the instant case, the appeal was taken within the sixty day period and thus meets the requirements for a devolutive appeal.
Accordingly, the appeal is dismissed as a suspensive appeal, but maintained as a de-volutive appeal.
SUSPENSIVE APPEAL DISMISSED; DEVOLUTIVE APPEAL MAINTAINED.