JUDGMENT ON MOTION TO DISMISS
BARRY, Judge.
Plaintiffs filed a rule for possession of premises alleging defendant violated their lease by failing to obtain proper insurance and maintain the property. Defendants answered that the premises were fully insured and the lease had not been violated. The trial judge granted the eviction, ordered the premises vacated, and defendants appealed suspensively.
Plaintiff now seeks to dismiss the appeal pursuant to LSA-C.C.P. Art. 4735 which provides:
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction.... (Emphasis added.)
*403 Defendants’ opposition asserts that plaintiffs’ motion is based on an error or defect and pursuant to C.C.P. Art. 2161 the motion cannot be maintained unless filed within three days of the return date or the date the record or appeal is lodged. However, a motion to dismiss based on Art. 4735 strikes at the foundation of defendant’s right to a suspensive appeal, is not an error, defect or irregularity as contemplated by Art. 2161, and need not be filed within three days.
Defendants also argue that affirmative defenses were introduced by testimony at trial without objection and under LSA-C. C.P. Art. 1154 the pleadings were enlarged to include these defenses, meeting Art. 4735 requirements. We disagree.
Defendants’ Answer amounted to a general denial without an affirmative defense because it did not raise new issues which would defeat the lessor’s claim, even if the claim was found to be true. Modicut v. Bremer, 398 So.2d 570 (La.App. 1st Cir.1980). To suspend a judgment a defendant must literally comply with Art. 4735, Rourke v. Cloud, 398 So.2d 57 (La.App. 3d Cir.1981). Testimony under oath does not meet the requirement. See Ducote v. Callico, 307 So.2d 642 (La.App. 4th Cir.1974). McMillan v. Chauvin, 281 So.2d 181 (La.App. 4th Cir.) writ denied 283 So.2d 770 (La.1973).
Failure to comply with Art. 4735 prohibits a suspensive appeal, but the appeal can be maintained as devolutive. Freeman v. Coglaiti, 411 So.2d 471 (La.App. 1st Cir.1981).
Therefore, IT IS ORDERED that defendants’ suspensive appeal be converted to a devolutive appeal.