629 So.2d 422 (1993)
LAKEWIND EAST APARTMENTS
v.
Kerry POREE
No. 93-CA-1504.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1993.
Opinion Denying Rehearing January 14, 1994.
*423 Brian M. Distance, New Orleans, for appellant.
Juan A. Velasco, New Orleans, for appellee.
Before BYRNES, WARD and PLOTKIN, JJ.
PLOTKIN, Judge.
The trial court in this case ruled in favor of plaintiff Lakewind East Apartments, evicting defendant Kerry Poreé from his apartment. The defendant suspensively appealed. The trial judge ordered the defendant to post a suspensive appeal bond of $825, then ordered him to pay into the registry of the court monthly rental in the amount of $415 on the first of each month until the appeal has been decided by this court.
When defendant failed to pay the required monies into the registry of the court, the plaintiff moved for dismissal of the suspensive appeal on those grounds. Plaintiff filed an opposition to the motion, claiming that the appeal cannot be dismissed because the suspensive appeal suspends the order requiring that he pay money into the registry of the court, as well as the eviction.
The plaintiffs arguments have no merit. The order requiring the defendant to pay the monthly rental into the registry of the court is a part of the order setting the suspensive appeal bond; it is not part of the original judgment. A suspensive appeal suspends only the terms of the judgment which is the subject of the appeal. Thus, the defendant has failed to present any arguments which would prevent this court from dismissing his appeal for non-payment of the funds, which the court indicated were a part of the suspensive appeal bond.
However, this court questioned whether the trial court had the authority to require that the defendant pay the rental monies into the registry of the court. Unquestionably, a suspensive appeal bond is most often an amount determined with exactitude at the time the trial court grants the losing party the right to pursue an appeal. The general suspensive appeal bond article, La.C.C.P. art. 2124, provides some definite guidelines concerning the proper amount to set for an appeal bond. Neither the article nor the annotations interpreting the article address whether the suspensive appeal bond can be required in the form of a continuing obligation.
Additionally, the setting of a suspensive appeal bond in a case involving an eviction is governed, not by La.C.C.P. art. 2124, but by La.C.C.P. art. 4735, which provides, in pertinent part, that the "amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal." In order to set a suspensive appeal bond sufficient to protect the appellee in this type of case, the trial court has two choices. One alternative would be to attempt to estimate the amount of time the case might be on appeal, then multiply that number of months times the rental price. The other alternative would be to do exactly what the trial judge did in this case and require the appellant to post the rental amounts as the rent becomes due. Under the circumstances, we believe that the trial court's solution was the most reasonable since it protects the interests of *424 both parties. Thus, we hold that the requirement that the appellant post the monthly rental at the first of each month is a valid portion of the requirement that the appellant post a suspensive appeal bond.
La.C.C.P. art. 2161 allows dismissal of an appeal for any irregularity which is imputable to the appellant, including the failure to timely pay the costs associated with the appeal. See Crowe v. Howard, 372 So.2d 1057 (La.App. 1st Cir.1978); Bensel v. Goitia, 329 So.2d 233 (La.App. 4th Cir.1976); Case v. Case, 322 So.2d 354 (La.App.2d Cir. 1975).
Accordingly, the suspensive appeal in this case is hereby dismissed for failure to pay the suspensive appeal bond.
APPEAL DISMISSED.

ON REHEARING
PER CURIAM.
By application for rehearing, appellant Kerry Poreé challenges this court's order dated November 30, 1993, dismissing his appeal based on his failure to comply with the trial court's order that he deposit monthly rentals into the registry of the court as part of his suspensive appeal bond. Poreé claims that the appeal may not be dismissed on those grounds because the motion to dismiss the appeal was not filed within the three-day period imposed by La.C.C.P. art. 2161 for filing a motion to dismiss based on irregularities which may be attributed to the appellant.
We find no merit in Poreé's arguments. As noted in our original opinion in this case, eviction cases are generally governed by special articles in the Louisiana Code of Civil Procedure, not by the general articles. See La.C.C.P. art. 4701 et seq. Despite our citation to La.C.C.P. art. 2161 in our original opinion, we find that the three-day period imposed by that article cannot reasonably be applied to appeals in eviction proceedings for a number of reasons aptly demonstrated by the circumstances of this case.
First, in ordinary proceedings, a failure to pay a suspensive appeal bond is not generally considered grounds for dismissal because the appeal is simply converted to a devolutive appeal when the appeal bond is not timely paid. However, that result is not appropriate in this case, since converting the appeal to a devolutive appeal would require that the defendant immediately vacate the leased premises, as required by the trial court judgment. That is exactly the result the defendant sought to avoid when he secured a suspensive appeal, which is actually the exception to the rule in eviction cases. See La.C.C.P. art. 4735, which provides generally that the appeal of a judgment of eviction does not suspend execution of the judgment except under certain circumstances.
Second, as noted in our previous opinion, the requirement that the appellant deposit the rental monies into the registry of the court as each month's rent becomes due is a special type of "continuing" suspensive appeal bond. This continuing obligation is the only reasonable solution for protecting the interests of both parties to an eviction case, while at the same time assuring that the requirements of La.C.C.P. art. 4735 that the appeal bond be "sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal" are satisfied. Thus, the requirement is perfectly reasonable and logical.
However, imposition of that type of continuing obligation as a part of a suspensive appeal bond is unusual; in fact it would not be appropriate in ordinary types of cases. By the same token, it is not appropriate to attempt to impose the three-day requirements of La.C.C.P. art. 2161, which was obviously designed to apply to ordinary types of cases, on an unusual situation such as that presented by this case. La.C.C.P. art. 2161 allows dismissal of an appeal for irregularities attributed to an appellant only within three days of the return day of the appeal or of the date the record is actually lodged in the appellate court. However, that article presupposes that the suspensive appeal bond will be paid in its entirety before the return day, as is demonstrated by the fact that failure to pay the suspensive appeal bond is one of the grounds for dismissal under that article. See Crowe v. Howard, 372 So.2d *425 1057 (La.App. 1st Cir.1978); Bensel v. Goitia, 329 So.2d 233 (La.App. 4th Cir.1976); Case v. Case, 322 So.2d 354 (La.App. 2d Cir.1975).
However, in this case, the entire suspensive appeal bond is not paid prior to the return day or the date the record is lodged. The suspensive appeal bond is to be paid in installments, as each month's rent becomes due. If the three-day requirement were strictly imposed under the facts of this case, the appellee would have no recourse when the appellant simply fails to meet his obligations under the suspensive appeal bond. Such a result would be unfair and unreasonable.
La.C.C.P. art. 2164 gives this court the authority to "render any judgment which is just, legal, and proper under the circumstances." For the reasons explained above, our original judgment dismissing Poreé's appeal is unquestionably "just, legal, and proper under the circumstances."
Accordingly, the defendant's application for rehearing is denied.