| | | |
|---|---|---|
| **PRCP-NS NEW ORLEANS, LLC D/B/A ESPLANADE AT CITY PARK** | * | **NO. 2022-CA-0393** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **ANNE SWANSON** | * | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2022-02132-F, "SECTION B"
Honorable Nadine Ramsey, Judge Pro Tempore
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge Pro Tempore James F. McKay, III)


E. Howell Crosby
G. Wogan Bernard
Amy L. McIntire
A. Elyce Ieyoub
CHAFFE McCALL, L.L.P.
1100 Poydras Street, Suite 2300
Energy Centre
New Orleans, LA 70163

     COUNSEL FOR PLAINTIFF/APPELLEE, PRCP-NS New Orleans,
     LLC d/b/a Esplanade at City Park

Peter S. Title
SESSIONS FISHMAN & NATHAN, LLC
400 Poydras Street, Suite 2550
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLANT, Anne Swanson

**MOTION TO DISMISS SUSPENSIVE APPEAL GRANTED, SUSPENSIVE
APPEAL DISMISSED, AND APPEAL MAINTAINED AS DEVOLUTIVE;
JUDGMENT REVERSED**
**December 16, 2022**

DNA
TFL
JFM

This is an eviction matter. Appellant, Anne Swanson ("Ms. Swanson") seeks review of the April 29, 2022 judgment of the First City Court for the Parish of Orleans ("trial court"), which granted the "Rule for Possession of Premises" ("Rule for Possession") filed by Appellee, PRCP-NS New Orleans, LLC d/b/a Esplanade at City Park ("PRCP"), and ordered Ms. Swanson to vacate the subject premises, her apartment, by May 13, 2022. PRCP filed a "Motion to Dismiss Suspensive Appeal" ("Motion to Dismiss") with this Court. For the following reasons, we grant PRCP's Motion to Dismiss; dismiss Ms. Swanson's suspensive appeal; maintain the appeal as devolutive; and reverse the April 29, 2022 judgment.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### PRCP's April 8, 2022 Rule for Possession

On April 8, 2022, PRCP filed a Rule for Possession. Therein, PRCP sought to evict Ms. Swanson from the apartment she occupied in the complex located at 3443 Esplanade Avenue in New Orleans. PRCP indicated on the Rule for Possession that Ms. Swanson's "lease has expired and/or owner wants possession of the premises." Attached to PRCP's Rule for Possession was a copy of the "Apartment Lease Contract" ("Lease").

1

The Lease was dated August 1, 2019, and listed the parties as Ms. Swanson and PRCP. The "Lease Term" section provided that the initial term of the lease began on August 1, 2019, and ended on January 31, 2020. Additionally, the Lease Term section stated that the Lease would "automatically renew month-to-month unless either party [gave] at least 60 days written notice of termination or intent to move-out . . . ." The Lease listed Ms. Swanson's monthly rental payment as $2065. Ms. Swanson and a representative of PRCP signed the Lease.

### *Ms. Swanson's April 27, 2022 Answer*

Ms. Swanson filed an "Answer to Rule for Possession" ("Answer"), wherein she contended that the trial court should dismiss the Rule for Possession for multiple reasons. In part, she argued that the trial court should dismiss the Rule for Possession because PRCP had not alleged therein any violation of the Lease. Ms. Swanson also contended that PRCP had not provided her with notice to vacate as required by the law and the Lease. Additionally, Ms. Swanson asserted that she was entitled to occupancy for the month of April 2022 because PRCP filed the Rule for Possession after cashing her April rent check. Thereafter, the trial court conducted a hearing on the Rule for Possession on April 29, 2022.

### *April 29, 2022 Hearing and Judgment*

Present at the April 29, 2022 hearing on the Rule for Possession were Chanette Johns and Alicia Craig ("Ms. Craig") for PRCP; Peter Title ("Mr. Title"), counsel for Ms. Swanson; and Ms. Swanson. During the hearing, the following colloquy occurred regarding the issue of notice:

MS. SWANSON:
> I [did not] receive a notice.

THE COURT:
> You have the notice with you?

2

MS. CRAIG:

I have the notice with me. I also have -- may I approach the bench?

THE COURT:

Yes.

. . . .

THE COURT:

How was it delivered?

MS. CRAIG:

That was delivered on the door.

THE COURT:

It was tacked?

MS. CRAIG:

Yes.

. . . .

MS. SWANSON:

I never received that notice.

. . . .

THE COURT:

Just let her finish, please. Can I see the notice?

MS. CRAIG:

Yes.

THE COURT:

And you [did not] get this on your door, ma'am?

MS. SWANSON:

No, ma'am. Never saw anything of the sort.

. . . .

THE COURT:

May 13th, ma'am, to vacate.
. . . .

MR. TITLE:

I mean, she [was not] given proper notice.

THE COURT:
        Well, I mean, I have to believe one or the other. She was either given it or not given it, so —

That same day the trial court signed a judgment, which ordered Ms. Swanson to vacate her apartment by May 13, 2022.

*Ms. Swanson's May 2, 2022 Motion for Suspensive Appeal*

On May 2, 2022, Ms. Swanson filed a "Motion for Suspensive Appeal." That same day, the trial court granted Ms. Swanson's Motion for Suspensive Appeal "upon her furnishing security in the amount of $500.00" and ordering that the appeal be returnable to this Court "in accordance with law."

**PRELIMINARY MATTER – PRCP'S MOTION TO DISMISS SUSPENSIVE APPEAL**

Prior to considering the merits, we address a preliminary matter. On October 4, 2022, PRCP filed a Motion to Dismiss with this Court. Therein, PRCP requests that this Court dismiss Ms. Swanson's suspensive appeal for failure to comply with the requirements of La. C.C.P. art. 4735 in two respects. First, PRCP contends that the appeal bond is insufficient to protect PRCP against any damage it may sustain as a result of Ms. Swanson's appeal. Second, PRCP asserts that Ms. Swanson did not timely pay the appeal bond because she paid it more than twenty-four hours after the trial court rendered judgment.

*Principles Applicable to Motions to Dismiss Appeals*

In discussing motions to dismiss appeals, the Louisiana Supreme Court has explained that "[t]he law favors appeals. Thus, they are to be maintained unless a legal ground for dismissal is clearly shown." *Davidge v. Magliola*, 346 So.2d 177, 179 (La. 1977) (citing *Howard v. Hardware Mut. Co.*, 286 So.2d 334, 336 (La. 1973); *La. Power & Light Co. v. Lasseigne*, 255 La. 579, 588, 232 So.2d 278, 282

4

(1970); *Favrot v. Favrot*, 252 La. 192, 197, 210 So.2d 316, 317 (1968)). The burden of proof on a motion to dismiss rests with the mover. *See Dhaliwhal v. Dhaliwal*, 52,507 (La. App. 2 Cir. 2/27/19), 265 So.3d 1188, 1194. Regarding whether a legal ground for dismissal is clearly shown, "[t]his Court is a court of record and can only review what is contained in the record on review." *NOLA 180 v. Harrah's Operating Co.*, 2012-0072, p. 3 (La. App. 4 Cir. 5/16/12), 94 So.3d 886, 888 (citing *Mobile-One Auto Sound, Inc. v. Whitney Nat'l Bank*, 2011-0535, p. 12 (La. App. 4 Cir. 11/9/11), 78 So.3d 807, 815).

***Alleged Untimeliness of Ms. Swanson's Payment of the Suspensive Appeal Bond***

We begin with PRCP's contention that Ms. Swanson failed to timely pay the suspensive appeal bond. In its Motion to Dismiss, PRCP asserts that Ms. Swanson did not pay the appeal bond until May 5, 2022, which was more than twenty-four hours after the trial court's April 29, 2022 judgment, thus constituting a violation of La. C.C.P. art. 4735. PRCP argues that the trial court's order granting Ms. Swanson's Motion for Suspensive Appeal and ordering her to furnish the appeal bond "makes clear that [she] had not paid the bond [timely]." Further, PRCP contends that "the clerk's office for [the trial court] confirmed that the bond was not paid until May 5, 2022."

Before we can decide whether PRCP's Motion to Dismiss should be granted on the basis that Ms. Swanson allegedly did not timely pay her appeal bond, we must determine when Ms. Swanson's appeal bond was due. Pertaining to the timing of the payment of a suspensive appeal bond in an eviction proceeding, La. C.C.P. art. 4735 states:

5

> An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for *and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction.*

(Emphasis added). Concerning the computation of time, La. C.C.P. art. 5059 provides:

> A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
>
> (1) It is expressly excluded;
>
> (2) It would otherwise be the last day of the period; or
>
> (3) The period is less than seven days.

In interpreting La. C.C.P. art. 5059, this Court has held that Saturday and Sunday are legal holidays. *See Distefano v. A M & A, Inc.*, 338 So.2d 755, 757 (La. App. 4 Cir. 1976); *Lichtentag v. Burns*, 258 So.2d 211, 212 (La. App. 4 Cir. 1972). Accordingly, when a Saturday or Sunday marks the last day of the governing time period or if the subject time period is less than seven days, then Saturday and Sunday are not included in the computation of time. La. C.C.P. art. 5059; *Distefano*, 338 So.2d at 757.

Based on La. C.C.P. art. 4735, Ms. Swanson had to pay her appeal bond within twenty-four hours of the trial court's April 29, 2022 judgment ordering her to vacate her apartment. We take judicial notice that April 29, 2022, was a Friday.[1] Because the deadline provided by La. C.C.P. art. 4735 to pay the suspensive appeal bond in an eviction matter is only twenty-four hours, which is less than seven days,

---

[1] *See* La. C.E. art. 201(C), which states that "[a] court may take judicial notice, whether requested or not." Louisiana Code of Evidence Article 201(B) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . [c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Saturday and Sunday are not included in the computation of time for determining the deadline by when Ms. Swanson had to pay the appeal bond. La. C.C.P. art. 5059(3); *Distefano*, 338 So.2d at 757; *Lichtentag*, 258 So.2d at 212. Moreover, in this instance, the last day of the period, i.e., twenty-four hours after the trial court's judgment, would have been Saturday, April 30, 2022, a legal holiday; and the subsequent day, Sunday, May 1, 2022, also constituted a legal holiday. La. C.C.P. art. 5059(2); *Distefano*, 338 So.2d at 757; *Lichtentag*, 258 So.2d at 212. Therefore, the deadline for Ms. Swanson to pay the appeal bond was the next succeeding legal day, i.e., Monday, May 2, 2022.

Our review of the record reveals a copy of a check from counsel for Ms. Swanson, which is dated May 2, 2022, in the amount of $500 and written to the order of the clerk of court for the trial court. A line on the check titled "File #" contains the notation "Appeal Bond." However, without more information, this does not affirmatively demonstrate to this Court that Ms. Swanson actually gave this check to the trial court on May 2, 2022. That is, she may have written the check on May 2, 2022, but given it to the trial court at a later date. Additionally, a notation on Ms. Swanson's Motion for Suspensive Appeal reads "Clerk[']s Costs Paid 5/2/22," and below it are the initials of the deputy clerk for the trial court. Again, without more information, it is unclear whether the "Clerk[']s Costs" that were paid on May 2, 2022, also included Ms. Swanson's appeal bond.[2] As noted previously, in its Motion to Dismiss, PRCP argues that "[t]he order granting [Ms. Swanson]'s written motion for suspensive appeal and ordering her to furnish the

---

[2] We note that a party seeking a suspensive appeal is responsible not only for the appeal bond but also must pay to the trial court the costs of preparing the record on appeal, including the court reporter's fee for compiling any transcripts, as well as the filing fee required by the appellate court. *See* La. C.C.P. art. 2126.

appeal bond makes clear that [she] had not paid the bond by May 2, 2022." Yet, the trial court signed the order granting Ms. Swanson's Motion for Suspensive Appeal on May 2, 2022, thereby leaving open the possibility that Ms. Swanson paid the appeal bond that same day. PRCP further contends in its Motion to Dismiss that "the clerk's office for [the trial court] confirmed that the bond was not paid until May 5, 2022[;]" but PRCP has not pointed to anything in the record nor can this Court find anything in the record to support this contention. Thus, the record before this Court does not provide a clear legal ground for dismissal due to untimeliness of the payment of the appeal bond.

Moreover, we note that La. C.C.P. art. 2161 states in pertinent part, that "[e]xcept as provided in [La. C.C.P. art.] 2162,[3] a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." The Louisiana First Circuit Court of Appeal has explained that an "appellant's tardiness in furnishing security merely constitutes an irregularity or defect imputable to the appellant which may form a basis for the appellee to move for dismissal of the suspensive appeal under [La.] C.C.P. art. 2161." *Clement v. Graves*, 2004-1831, p. 6 (La. App. 1 Cir. 9/28/05), 924 So.2d 196, 200 (citing *Wright v. Jefferson Roofing, Inc.*, 1993-1217 (La. 1/14/94), 630 So.2d 773, 775; *Blue, Williams & Buckley v. Brian Invs., Ltd.*, 1996-1451, p. 5 (La. App. 1 Cir. 6/20/97), 706 So.2d 999, 1002). Though this Court declined to apply La. C.C.P. art. 2161 in another eviction matter, *Lakewind East Apartments v. Poreé*, we find

---

[3] Louisiana Code of Civil Procedure Article 2161 is titled "Dismissal by consent of parties, or because of lack of jurisdiction or right to appeal, or abandonment; transfer."

that case distinguishable. 629 So.2d 422 (La. 1993). Therein, this Court concluded that La. C.C.P. art. 2161 was inapplicable to the "unusual situation . . . presented by [the] case" in that "[t]he suspensive appeal bond [was] to be paid in installments, as each month's rent [became] due." *Id.*, 629 So.2d at 424-25. Here, by contrast, the trial court set a lump sum amount for the appeal bond at $500 rather than a "continuing obligation" as in *Lakewind E. Apartments*. 629 So.2d at 424. Accordingly, we find La. C.C.P. art. 2161 applicable to the present matter. *See also Good v. Saia*, 2007-0145, p. 6 (La. App. 4 Cir. 9/12/07), 967 So.2d 1161, 1165 (applying La. C.C.P. art. 2161 in an eviction matter).

Thus, assuming arguendo that Ms. Swanson did not timely file her appeal bond by May 2, 2022, as was required by La. C.C.P. art. 4735, this constituted an irregularity or defect imputable to Ms. Swanson. *See Clement*. 2004-1831, p. 6, 924 So.2d at 200. Accordingly, PRCP had three days from the latter of the return day or the date on which the record on appeal was lodged to file its Motion to Dismiss. *See* La. C.C.P. art. 2161. In the May 2, 2022 order granting Ms. Swanson's Motion for Suspensive Appeal, the trial court set the return date in this matter "in accordance with law." Louisiana Code of Civil Procedure Article 2125 states that "[t]he return day of the appeal shall be thirty days from the date estimated costs are paid if there is no testimony to be transcribed and lodged with the record and forty-five days from the date such costs are paid if there is testimony to be transcribed, unless the trial judge fixes a lesser period." Based on the notation on Ms. Swanson's Motion for Suspensive Appeal, she paid the costs to the trial court on May 2, 2022. There was testimony to be transcribed, i.e., the April 29, 2022 hearing transcript, so the return day in this matter was forty-five days from May 2, 2022, which was June 16, 2022. The Clerk of Court for this

9

Court notified the parties that the record was lodged on June 15, 2022. Therefore, the return day was the latter of the two dates provided in La. C.C.P. art. 2161; so PRCP had three days from June 16, 2022, to file its Motion to Dismiss on the basis of untimeliness of the payment of the appeal bond. As mentioned previously, PRCP did not file its Motion to Dismiss until October 4, 2022, which was beyond the three days allowed by La. C.C.P. art. 2161.

Because this Court is a court of record, appeals are to be maintained unless a legal ground for dismissal is clearly shown in the record. Our review of the record reveals that PRCP did not file its Motion to Dismiss until after the deadline provided by La. C.C.P. art. 2161; accordingly, we find that PRCP failed to carry its burden of proof, and we deny PRCP's Motion to Dismiss based on the alleged untimeliness of Ms. Swanson's payment of her suspensive appeal bond.

### Alleged Insufficiency of Ms. Swanson's Appeal Bond

Next, we consider PRCP's contention that Ms. Swanson's suspensive appeal should be dismissed because the $500 appeal bond is insufficient to protect PRCP from damage resulting from this appeal and thus fails to comply with La. C.C.P. art. 4735. PRCP states that Ms. Swanson's monthly rent, not including late charges, totals $2065, such that the appeal bond "does not cover even ¼ of one month of (overdue) rent." Moreover, PRCP observes that due to the suspensive appeal, Ms. Swanson continues to retain possession of the premises to this day, despite the trial court's judgment ordering her to vacate by May 13, 2022. Additionally, PRCP asserts that "[t]he $500.00 bond is not an 'estimate [of] the amount of time the case might be on appeal, then multiply that number of months times the rental price' nor does it include a requirement for [Ms. Swanson] 'to post

the rental amounts as the rent becomes due' – as required by this Court." In sum, PRCP urges this Court to dismiss the appeal due to the insufficiency of the bond.

Louisiana Code of Civil Procedure Article 4735 provides, in pertinent part, that "[t]he amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal." In interpreting La. C.C.P. art. 4735, this Court has explained:

> [A] trial court generally must choose between two options when setting a suspensive appeal bond in eviction matters:
>
>> In order to set a suspensive appeal bond sufficient to protect the appellee in this type of case, the trial court has two choices. One alternative would be to attempt to estimate the amount of time the case might be on appeal, then multiply that number of months times the rental price. The other alternative would be to . . . require the appellant to post the rental amounts as the rent becomes due.

*429 Bourbon Street LLC v. RMDR Invs., Inc.*, 2016-0800, pp. 22-23 (La. App. 4 Cir. 11/15/17), 230 So.3d 256, 270 (quoting *Lakewind E. Apartments*, 629 So.2d at 423). In light of the foregoing, this Court has concluded that a suspensive appeal bond that covers only one monthly payment is insufficient under La. C.C.P. art. 4735. *Atocha St. Charles, LLC v. Terpsichore Props., LLC*, 2019-0776, p. 4 (La. App. 4 Cir. 4/8/20), 294 So.3d 1082, 1084 (citing *Lakewind E. Apartments*, 629 So.2d at 423-24). *See also Good*, 2007-0145, pp. 5-6, 967 So.2d at 1165 (wherein the trial court set the suspensive appeal bond at $7500 after the filing of a motion for suspensive appeal bond on November 21, 2006; and this Court found the bond to be "clearly insufficient within the meaning of [La. C.C.P.] art. 4735[,]" noting that as of December 2006, the rental arrearages totaled $13,830).

11

However, this Court has further held that even if an appeal in an eviction matter cannot be maintained as suspensive due to a failure to comply with the requirements of La. C.C.P. art. 4735, including the sufficiency of the bond, "the appeal may be maintained as a devolutive appeal if the requirements of the general law for a devolutive appeal are met." *Freemin v. Coglaiti*, 411 So.2d 471, 472 (La. App. 1 Cir. 1981) (citing *Solomon v. Hickman*, 213 So.2d 96 (La. App. 1 Cir. 1968); *Alaimo v. Hepinstall*, 370 So.2d 1320 (La. App. 4 Cir. 1979); *Rourke v. Cloud*, 398 So.2d 57 (La. App. 3 Cir. 1981)). *See also Liggio v. Judeh*, 446 So.2d 402, 403 (holding that the "[f]ailure to comply with [La. C.C.P.] [a]rt. 4735 prohibits a suspensive appeal, but the appeal can be maintained as devolutive" (citing *Freemin*, 411 So.2d at 472)); *Womack v. Custom Homes & Renovations*, 2002-0193, p. 3 (La. App. 4 Cir. 6/5/02), 820 So.2d 1196, 1199 (converting a suspensive appeal into a devolutive appeal after appellant failed to pay the costs required for a suspensive appeal). For example, in *Atocha*, the trial court set a suspensive appeal bond in an amount that covered only one monthly payment, and this Court found the appeal bond was insufficient to protect against all such damages the appellee might sustain as a result of the appeal. 2019-0776, p. 4 (La. App. 4 Cir. 4/8/20), 294 So.3d 1082, 1084. This Court granted the appellee's motion to dismiss the suspensive appeal on the basis of insufficiency of the appeal bond but maintained the appeal as a devolutive one pursuant to La. C.C.P. art. 2087. *Id.* at p. 4, 294 So.3d at 1084-85 (citing *1205 St. Charles Condo. Ass'n Inc. v. Abel*, 2018-0566, p. 15 (La. App. 4 Cir. 12/19/18), 262 So.3d 919, 928).

In the matter *sub judice*, we likewise find that the $500 bond amount set by the trial court was insufficient to cover any damages that PRCP may sustain as a result of this appeal. Specifically, Ms. Swanson's monthly rental payment totals

$2,065; thus, the $500 appeal bond does not even cover one month of her rental payment to PRCP. *See Atocha*, 2019-0776, p. 4, 294 So.3d at 1984; *Good*, 2007-0145, pp. 5-6, 967 So.2d at 1165. Nonetheless, we consider whether this appeal meets the requirements of La. C.C.P. art. 2087 and can be maintained as devolutive.

Louisiana Code of Civil Procedure Article 2087 pertains to the "[d]elay for taking devolutive appeal." It provides, in pertinent part:

> A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974[4] and Article 1811,[5] if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

La. C.C.P. art. 2087(A). After the trial court rendered judgment on April 29, 2022, neither party applied for a new trial or a judgment notwithstanding the verdict. Ms. Swanson filed her Motion for Suspensive Appeal on May 2, 2022; therefore, it was well within the deadline of sixty days after the expiration of the delay for applying

---

[4] Louisiana Code of Civil Procedure Article 1974 provides that "[a] party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913."

[5] Louisiana Code of Civil Procedure Article 1811(A)(1) states:

Not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment under Article 1913, a party may move for a judgment notwithstanding the verdict. If a verdict was not returned, a party may move for a judgment notwithstanding the verdict not later than seven days, exclusive of legal holidays, after the jury was discharged.

for a new trial or a judgment notwithstanding the verdict. La. C.C.P. art. 2087(A). Accordingly, Ms. Swanson's appeal can be maintained as devolutive because the requirements of the general law for a devolutive appeal have been met. *See 1205 St. Charles Condo. Ass'n*, 2018-0566, p. 15, 262 So.3d at 928 (citing *Freemin*, 411 So.2d at 472).

In sum, we conclude that PRCP failed to meet its burden of proving that Ms. Swanson untimely paid her suspensive appeal bond but grant PRCP's Motion to Dismiss due to the insufficiency of the suspensive appeal bond. However, pursuant to La. C.C.P. art. 2087, we maintain the appeal as devolutive. Next, we turn to the merits.

## DISCUSSION

In her sole assignment of error on appeal, Ms. Swanson contends that "[t]he [trial] [c]ourt erred in ordering [her] to vacate the Apartment no later than May 13, 2022[,] in its judgment, since no proper and legal written notice of termination of the Lease was given." In her brief, Ms. Swanson argues that the Lease required a 60-day written notice of termination following the expiration of the lease term and that no such notice was given. She contends that even if the Lease did not require a 60-day notice of termination, PRCP failed to send any written notice of termination of the Lease before filing its Rule for Possession as required by La. C.C.P. art. 4701. Further, Ms. Swanson states that "even if for the sake of argument [she] was in default of the Lease for nonpayment of a month's rent for October 202[1] (which she strongly denies), breach of the lease was not alleged in the rule for possession" as is required by La. C.C.P. art. 4701. Lastly, Ms. Swanson also argues

14

that PRCP's acceptance of her April 2022 rent check would have vitiated any prior notice to vacate.[6]

***Standard of Review***

In an eviction proceeding, an appellate court reviews the trial court's factual findings under the manifest error standard of review. *235 Holdings, LLC v. 235 Enters., LLC*, 2020-0658, p. 5 (La. App. 4 Cir. 12/15/21), 334 So.3d 862, 866 (citing *Armstrong Airport Concessions v. K-Squared Rest., LLC*, 15-0375, p. 9 (La. App. 4 Cir. 10/28/15), 178 So.3d 1094, 1100). Under this standard of review, an appellate court "may not overturn a judgment of a trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong." *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880, 882 n.2 (La. 1993). If, however, the appeal presents a legal question, then it is subject to *de novo* review. *235 Holdings, LLC*, p. 5, 334 So.3d at 867. Further, as discussed previously, "[t]his Court is a court of record and can only review what is contained in the record on review." *NOLA 180*, 2012-0072, p. 3, 94 So.3d at 888. Next, we consider the principles applicable in eviction proceedings.

***Principles Applicable to Eviction Proceedings***

Louisiana Code of Civil Procedure Article 4701 is titled "Termination of lease; notice to vacate; waiver of notice." It provides, in pertinent part:

> When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, *the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee.* The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.

---

[6] At the April 29, 2022 hearing, Ms. Craig alleged that PRCP accepted Ms. Swanson's April 2022 rent check because "[Ms. Swanson] had a past-due balance" after "[s]he refused to pay October . . . 2021 rent due to Hurricane Ida."

15

(Emphasis added). In discussing La. C.C.P. art. 4701, this Court has held that "proper notice to vacate is a prerequisite to filing of the rule for possession . . . ." *Lichtentag*, 28 So.2d at 213. "The notice to vacate is an essential part of the summary eviction procedure provided for in La. C.C.P. art. 4701. Without this notice, there can be no judgment issued under La. C.C.P. art. 4701." *Kushi Healthcare, L.L.C. v. St. James Behavioral Health Hosp., Inc.*, 2015-0007, p. 9 (La. App. 1 Cir. 6/5/15), 174 So.3d 1192, 1198 (citing *Bowling U.S.A., Inc. v. Genco*, 536 So.2d 814, 816 (La. App. 1 Cir. 1988)).

The burden of proving notice rests with the lessor. *Williams v. Reynolds*, 448 So.2d 845, 847 (La. App. 2 Cir. 1984). *See also Miller v. White*, 182 La. 837, 162 So. 638 (1935). A judgment of eviction must be reversed if the lessor fails to meet its burden of proof. *Hous. Auth. of New Orleans v. Haynes*, 2014-1349 (La. App. 4 Cir. 5/13/15), 172 So.3d 91, 99 (citing *Hous. Auth. of New Orleans v. King,* 2012-1372, p. 4 (La. App. 4 Cir. 6/12/13), 119 So.3d 839, 842). With these principles in mind, we review the record to determine whether the lessor, PRCP, gave proper notice to the lessee, Ms. Swanson.

### *Notice*

Ms. Swanson asserts that the trial court's April 29, 20222 judgment is in error because PRCP did not give her proper notice. Our review reveals that there is no notice to vacate in the record. Though the transcript of the April 29, 2022 hearing indicates that PRCP showed a purported notice to vacate to the trial court, PRCP never entered it into evidence. Because "[t]his Court is a court of record and can only review what is contained in the record on review" and "[w]ithout [the] notice [to vacate], there can be no judgment issued under La. C.C.P. art. 4701[,]"

16

we must reverse the trial court's April 29, 2022 judgment ordering Ms. Swanson to vacate the premises pursuant to La. C.C.P. art. 4701. *NOLA 180*, 2012-0072, p. 3, 94 So.3d at 888; *Kushi Healthcare, L.L.C.*, 2015-0007, p. 9, 174 So.3d at 1198.

Having concluded that the record does not support a finding that PRCP carried its burden of proving notice to vacate, we pretermit discussion of Ms. Swanson's other arguments regarding whether PRCP alleged a breach of the lease in the Rule for Possession and any effect on these proceedings of PRCP having accepted her April 2022 rent check.

## DECREE

For the foregoing reasons, we grant PRCP's Motion to Dismiss Suspensive Appeal; however, we maintain the appeal as devolutive. Further, we reverse the trial court's April 29, 2022 judgment, which ordered Ms. Swanson to vacate the subject premises by May 13, 2022.

**MOTION TO DISMISS APPEAL GRANTED, SUSPENSIVE APPEAL DISMISSED, AND APPEAL MAINTAINED AS DEVOLUTIVE; JUDGMENT REVERSED**